# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

MICKEY DANIEL, JR.,

    Petitioner,

v.                                   Case No. 5:20-cv-00675

SHELBY SEARLS, Superintendent,
Huttonsville Correctional Center,[1]

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is Respondent's Motion to Dismiss (ECF No. 10), seeking dismissal of Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 for failure to exhaust state court remedies or, in the alternative, requesting a stay of these proceedings pending such exhaustion.

## PROCEDURAL HISTORY OF PETITIONER'S CASE

### A.    Petitioner's criminal conviction (Case No. 14-F-244-B).

On August 15, 2014, Petitioner was indicted in the Circuit Court of Raleigh County, West Virginia on charges of first-degree murder by use of a firearm, in violation of West Virginia Code §§ 61-2-1, 62-2-12, and 62-12-13, arising out of the shooting death of

---

[1] On March 23, 2022, Petitioner filed a notice of change of address indicating that he had been transferred to the Huttonsville Correctional Center. (ECF No. 17). The Clerk is directed to modify the docket sheet, including the short style of the case, to reflect that the proper Respondent is now Shelby Searls, the Superintendent of the Huttonsville Correctional Center.

Johnny Nile Condia ("Condia").  (ECF No. 10, Ex. 2).  Throughout his circuit court criminal proceedings, Petitioner was represented by John D. (Jody) Wooten, Jr. ("Wooten").

On December 12, 2014, the Circuit Court of Raleigh County granted Petitioner's motion to continue trial until the January 2015 term of Court to enable scheduling of a competency evaluation of Petitioner.  (ECF No. 10, Ex. 3).  By Agreed Order entered January 29, 2015, it was directed that Petitioner undergo a competency and criminal responsibility evaluation.  (ECF No. 10, Ex. 4).  On March 16, 2015, after receiving the forensic psychological evaluation report, the Circuit Court of Raleigh County made the preliminary finding, pursuant to West Virginia Code § 27-6A-3(a), that Petitioner was competent to stand trial.  (ECF No. 10, Ex. 5).

Thereafter, Petitioner's trial was continued eight times for various reasons, including Petitioner's second competency evaluation (in which he was again found competent to stand trial), hearings held on Petitioner's various motions, and the failure of Petitioner and his counsel to appear at court proceedings.  Nearly all these continuances were at Petitioner's request or attributable to him.

Between September of 2015 and June of 2017, the State made several offers under Rule 11(e)(1)(C) permitting Petitioner to plead guilty to second degree murder by use of a firearm, with an agreed upon sentence of forty years and no eligibility for probation or other alternative sentence.  However, Petitioner did not agree to such a plea and the State's offer was ultimately withdrawn on June 22, 2017.  (ECF No. 10, (ECF No. 10, Ex, 13 at 29-34; Ex. 20; Ex. 26 at 43-46).  On June 30, 2017, and renewed on July 10, 2017, Petitioner again moved for a trial continuance to allow Petitioner to review "a large

volume of critical discovery provided by the State." (ECF No. 10, Exs. 21 and 22). The circuit court denied that motion for continuance on July 11, 2017. (ECF No. 10, Ex. 23).

A pretrial hearing was held on July 12, 2017 during which numerous contested issues were resolved. (ECF No. 10, Ex. 24). Thereafter, Petitioner's pending motions to continue the trial were denied and trial was scheduled to begin on July 17, 2017. However, on July 14, 2017, Petitioner reached a plea agreement with the State and entered a guilty plea to first-degree murder by use of a firearm, with mercy. (ECF No. 10, Exs. 25 and 26). The circuit court sentenced Petitioner to life imprisonment with mercy, with parole eligibility after service of a minimum of fifteen years in prison. (ECF No. 10, Ex. 27). Petitioner's written statement in support of his guilty plea effectively waived any right to appeal. (ECF No. 10, Ex. 25 at 2).

Petitioner, acting *pro se*, filed a letter-form Petition for Reconsideration and Motion for Reduction of Sentence on August 8 and 28, 2017, respectively, seeking to have his sentence modified and asserting that his attorney "dropped" him after the sentencing hearing. (ECF No. 10, Ex. 28). By Memorandum dated August 30, 2017, the circuit court advised the parties that "the responsibility of appointed trial counsel continues for as long as the trial court retains jurisdiction, with particular reference to the disposition of a timely filed Rule 35 motion" and scheduled a hearing on the motion on October 11, 2017. (ECF No. 10, Ex. 29). Following the October 11, 2017 hearing, the circuit court denied Petitioner's motion, finding that "counsel has performed his duty to the defendant and his obligation of candor to the Court, in advising that there are no grounds upon which counsel could argue in support of a motion for reconsideration of sentence." (ECF No. 10, Ex. 30).

On January 22, 2018, Petitioner filed a Motion to be Resentenced for Appeal Purposes and Motion for Appointment of Appellate Counsel. (ECF No. 10, Ex. 31). By Order entered February 20, 2018, the circuit court appointed Robert P. Dunlap II ("Dunlap") to represent Petitioner and declined to consider the motion to be resentenced until such motion was presented by counsel. (ECF No. 10, Ex. 32). Dunlap filed a Motion to Resentence Defendant for Purposes of Filing Appeal on February 22, 2018. (ECF No. 10, Ex. 33).

On March 14, 2018, a hearing was held wherein Petitioner, by counsel, moved to withdraw his motion to be resentenced because he "has no right to a direct appeal of his conviction . . . resulting from his July 14, 2017 guilty plea." (ECF No. 10, Ex. 35). Petitioner conceded that "the appropriate means by which the defendant might seek to challenge his conviction and sentence would be by the filing of a petition for writ of habeas corpus." (*Id.* at 1). Thus, the circuit court granted Petitioner's motion to withdraw the resentencing motion. (*Id.* at 2). Petitioner did not pursue a direct appeal in the Supreme Court of Appeals of West Virginia ("SCAWV").

**B.    Original jurisdiction petition filed in SCAWV (Case No. 17-0946).**

On October 23, 2017, Petitioner filed a *pro se* Petition for Habeas Corpus invoking the SCAWV's original jurisdiction, which was then voluntarily withdrawn by Order entered December 26, 2017. *State ex rel. Daniel v. Lawson*, No. 17-0946 (W. Va. Dec. 26, 2017). (ECF No. 10, Ex. 40). Thus, that petition failed to exhaust any of Petitioner's claims asserted therein.

C. **Petitioner's habeas corpus petition (Case No. 18-C-255-B).**

On April 25, 2018, Petitioner filed a *pro se* Petition Under W.Va. Code 53- 4A-1 for Writ of Habeas Corpus in the Circuit Court of Raleigh County, alleging three grounds for relief:

    A.    Involuntary/Coerced Plea.

    B.    Ineffective Assistance of Counsel.

        (1)    Failure to inform Petitioner of a plea offer.

        (2)    Failure to take an appeal.

    C.    Denial of right to a speedy trial.

(ECF No. 10, Ex. 37). Petitioner also filed a checklist pursuant to *Losh v. McKenzie*, 277 S.E.2d 606 (1981), and a motion for appointment of counsel. (ECF No. 10, Ex. 38).

On November 9, 2018, the circuit court denied Petitioner's habeas corpus petition without appointing counsel or holding a hearing. (ECF No. 10, Ex. 39). Regarding Petitioner's claim of an involuntary or coerced plea, the court found that Petitioner was repeatedly advised by the trial court that his plea was of his own volition, and he had the opportunity to proceed to trial and not plead guilty. (*Id.* at 6). The court concluded that the trial court's "reminders that the plea was voluntary and completely within his control" outweighed any statements from counsel. (*Id.*)

The circuit court then addressed Petitioner's claim that he was denied the right to a speedy trial, finding that such claim was refuted by the procedural history of the case and that Petitioner's guilty plea resulted in the waiver of the right to assert any error. (*Id.* at 8-9). Finally, the court addressed Petitioner's claims of ineffective assistance of counsel, finding that they were also without merit. (*Id.* at 9-12).

### D. Petitioner's habeas corpus appeal (Case No. 18-1089).

Petitioner, acting pro se, appealed the circuit court's denial of his habeas petition to the SCAWV. (ECF No. 10, Ex. 41). Dunlap was appointed as Petitioner's counsel and his Petition for Appeal was filed on May 15, 2019, raising two assignments of error:

1. The lower Court erred by denying appointment of counsel to assist Petitioner in filing Petitioner's Petition Under W.Va. Code § 53-4A-1 for Writ of Habeas Corpus or an amended petition as deemed necessary. Petitioner asserts the lower Court abused its discretion in denying counsel to assist Petitioner with filing a Petition Under W.Va. Code § 53-4A-1 for Writ of Habeas Corpus in violation of Petitioner's Sixth Amendment Constitutional rights under the United States Constitution and Article III, Section 14 of the West Virginia Constitution.

2. The lower Court erred in denying an evidentiary hearing on Petitioner's Petition Under W.Va. Code § 53-4A-1 for Writ of Habeas Corpus. Petitioner asserts the lower Court abused its discretion in denying Petitioner an evidentiary hearing on Petitioner's claims raised in a Petition Under W.Va. Code § 53-4A-1 for Writ of Habeas Corpus in violation of Petitioner's Sixth Amendment Constitutional rights under the United States Constitution and Article III, Section 14 of the West Virginia Constitution.

(ECF No. 10, Ex. 42). Respondent filed a Response on July 1, 2019. (ECF No. 10, Ex. 43).

On June 25, 2020, the SCAWV affirmed the circuit court's decision denying Petitioner's habeas corpus petition. *Daniel v. Pszczolkowski*, No. 18-1089, 2020 WL 3470333, at *7 (W. Va. June 25, 2020). (ECF No. 10, Ex. 44). After finding no error in the circuit court's summary denial of habeas relief, the SCAWV addressed the substance of each of the claims Petitioner had raised in the circuit court. (ECF No. 10, Ex. 44 at 4–8). After reviewing the plea hearing transcript, the SCAWV concluded that the circuit court conducted a proper colloquy regarding the rights Petitioner waived by pleading

guilty, the terms of the plea agreement and Petitioner's assent to those terms, the right for Petitioner to proceed to trial, and that his decision to enter a guilty plea was knowingly, intelligently, and voluntarily made. (*Id.* at 5).

The SCAWV further concluded that nearly all continuances during the criminal proceedings were attributable to Petitioner, found no speedy trial violation under state law, and further noted the circuit court's finding that such claim was waived by Petitioner's guilty plea. (*Id.* at 3, 6). Regarding Petitioner's claims of ineffective assistance of trial counsel, the SCAWV found that the first plea offer was specifically rejected by Petitioner, that the second plea offer was made at some point and withdrawn by the State when it expired, and that the third plea offer was accepted by Petitioner. (ECF No. 10, Ex. 40 at 8). Without claiming he was unaware of any of these plea offers, the SCAWV found that Petitioner failed to demonstrate that counsel's actions fell below an objective standard of reasonableness. (*Id.*)

The SCAWV further found that Dunlap, who was appointed to represent Petitioner on post-conviction motions, withdrew his motion for resentencing, thereby conceding that he agreed with trial counsel that there we no viable claims for direct appeal. (*Id.*) The SCAWV found that counsel's actions did not fall below an objective standard of reasonableness. (*Id.*) Moreover, the court found that Petitioner failed to demonstrate prejudice from counsel's alleged ineffective assistance. (*Id.*)

E.   **The instant § 2254 petition.**

The petitioner filed the instant § 2254 petition on October 13, 2020. (ECF No. 1). The somewhat convoluted petition contains the following grounds for relief:

1.   Ineffective assistance of counsel by:

7

      (a)    Failure to offer plea or to file appeal;
      (b)    Failure to communicate a plea offer to defendant;
      (c)    Failure to conduct a reasonable investigation into facts and law; and
      (d)    Erroneous advice by counsel leading to acceptance of plea rather than going to trial.

2.    Coerced/involuntary plea. Counsel provided erroneous advice under a mistake in his understandings of law and threatened me with my children to accept plea.

3.    Denial of right to speedy trial. Counsel erroneously advised that I lost my rights to a speedy trial and told me I had to take a plea or I could sit in jail for years waiting on a trial.

4.    Court's abuse of discretion. Courts abuse of discretion in allowing Petitioner to enter into a coerced plea.

(ECF No. 3 at 5-10).

On November 1, 2021, Respondent filed the instant Motion to Dismiss, with numerous exhibits (ECF No. 10), and a Memorandum of Law in support thereof (ECF No. 11). Respondent's motion documents contend that, except for two of his claims of ineffective assistance of counsel, Petitioner failed to exhaust the grounds for relief asserted in his § 2254 petition. Thus, Respondent contends that the entire § 2254 petition should be dismissed for failure to exhaust state court remedies. In the alternative, Respondent requests that this court stay this civil action and hold Petitioner's § 2254 petition in abeyance to permit him an opportunity to return to the state courts to attempt to fully exhaust his claims.

On December 3, 2021, Petitioner filed a response to the motion to dismiss (ECF No. 14) in which he, too, requests that the court hold his § 2254 petition in abeyance and stay this matter while he returns to the state courts to attempt to exhaust his unexhausted

8

claims. Both parties acknowledge that, if the current petition is dismissed, Petitioner has no time left under the statute of limitations (addressed below) to return to the state courts and timely file a new petition. Petitioner thereafter filed additional documentation demonstrating that he has initiated additional habeas corpus proceedings in the state court seeking relief on his unexhausted claims of ineffective assistance of counsel and the court's acceptance of an allegedly coerced guilty plea. (ECF Nos. 15 and 16). It appears that his new state court habeas petition, which was assigned Case No. 21-C-387, was filed in the Circuit Court of Raleigh County on December 27, 2021 and is still pending in that court. (ECF No. 16).

## APPLICABLE STATUTES AND CASE LAW

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104–132, 110 Stat. 1214 ("AEDPA"), effective April 24, 1996, provides federal habeas relief to state prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A one-year period of limitation governs the filing of § 2254 habeas petitions, and that period runs from the latest of one of four specified events: (A) the date on which the judgment became final, by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims could have been discovered through the

exercise of due diligence. 28 U.S.C. § 2244(d)(1); *see also Jimenez v. Quarterman*, 555 U.S. 113, 114 (2009). Subsection (A) appears to be the only section that is relevant here. The statute further expressly provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see also Holland*, 560 U.S. at 661 (noting that § 2244(d) "expressly tolls the limitations period during the pendency of a properly filed application for state collateral relief.") (Scalia, J., dissenting, in part).

Additionally, AEDPA provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

(A) the applicant has exhausted the remedies available in the courts of the State . . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c). The petitioner bears the burden of proving exhaustion. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Where a petitioner has failed to exhaust his state court remedies, generally, the federal petition should be dismissed. *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973)).

The principles of federal-state comity dictate that the state courts have the first opportunity to consider and correct any constitutional infirmity. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "The

10

exhaustion requirement, though not jurisdictional, is strictly enforced." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *abrogated on other grounds by United States v. Barnette,* 644 F.3d 192 (4th Cir. 2011) (internal citations omitted).  Therefore, AEDPA requires state prisoners to fairly present their federal constitutional issues to the state courts and allow the state courts "one full opportunity" to resolve the issues prior to presenting the claims to the federal courts.  *O'Sullivan*, 526 U.S. at 845.  Although petitioners need not "cit[e] book and verse on the federal constitution," *Picard v. Connor*, 404 U.S. 270, 278 (1971), fair presentation requires that both the "operative facts" and the "controlling legal principles" be presented to the state courts.  *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (quoting *Matthews*, 105 F.3d at 911.

The federal claim must "be presented face-up and squarely . . .   Oblique references which hint that a theory may be lurking in the woodwork will not suffice."  *Matthews*, 105 F.3d at 911 (internal quotation marks omitted).   "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.   [For example,] [i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in

11

the SCAWV. *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); *McDaniel v. Holland*, 631 F. Supp. at 1545. A prisoner may also exhaust the state court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV. However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's state court remedies. *See Moore*, 879 F. Supp. at 593; *McDaniel,* 631 F. Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-909 (4th Cir. 1990) (*abrogated on other grounds, Trest v. Cain*, 522 U.S. 87 (1997)).

## ANALYSIS

### A.    Grounds 1(c), 1(d), 2, 3, and 4 are unexhausted.

Respondent asserts that Petitioner's § 2254 petition is a "mixed petition" because he did not raise all claims asserted therein as claims of federal constitutional error in either his direct appeal or at both levels of his state habeas corpus proceedings. Although not specifically stated in his brief, Respondent appears to agree that two of Petitioner's claims of ineffective assistance of counsel (those set forth in Grounds 1(a) and 1(b) stated above) were exhausted through Petitioner's state habeas corpus proceedings because the state courts considered the same under the Sixth Amendment standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). (ECF No. 11 at 11-12). However, Respondent further contends that Petitioner's remaining claims for relief were either not addressed by the SCAWV or were considered only under state law. (*Id.* at 12). Thus, Respondent further contends that, because the petition contains both exhausted and unexhausted claims (making it a "mixed petition"), the entire petition should be

12

dismissed. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). (*Id.*) Petitioner does not contest these assertions.

A comprehensive review of Petitioner's state court filings, as set forth in the exhibits provided by the parties herein, demonstrates that the claims contained in Grounds 1(a) and 1(b) of his § 2254 petition are colorably exhausted, but Petitioner failed to properly exhaust the remaining claims therein because they were not raised as federal constitutional claims before both the circuit court and the SCAWV. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has not properly exhausted his state court remedies with respect to Grounds 1(c), 1(d), 2, 3 and 4 of his § 2254 petition and, thus, it is a "mixed" petition.

As addressed below, however, the AEDPA statute of limitations expired after Petitioner filed his § 2254 petition and Petitioner runs the risk of having all of his claims being rendered time-barred if the court were to now dismiss the petition outright. Therefore, the undersigned will now address the appropriateness of a stay and abeyance in lieu of dismissal.

    **B.    Stay and abeyance is appropriate herein.**

In *Rhines v. Weber*, 544 U.S. 269, 277 (2005), the United States Supreme Court held that a district court has discretion to stay a petition to allow a petitioner to present his unexhausted claims to the state court in limited circumstances. The Court ruled that "stay and abeyance is only appropriate when the district court determines that there is good cause for the petitioner's failure to exhaust his claims first in state court." *Id.*

Under the most liberal calculation of the AEDPA statute of limitations in this case, the undersigned presumes that the statute of limitations began to run on the date that

Petitioner's counsel withdrew his motion for resentencing at the hearing held in the circuit court on March 14, 2018. 42 days later, on April 25, 2018, Petitioner filed his first habeas corpus petition in the circuit court, which tolled the statute of limitations until July 25, 2020, when the SCAWV presumably issued its mandate, making effective its June 25, 2020 Memorandum Decision affirming the denial of his habeas petition. Accordingly, approximately 42 days of the limitation period had run when the statute was tolled by the state court proceedings.

The limitation period began to run again on or about July 26, 2020. Petitioner's § 2254 petition was timely filed on October 13, 2020, with approximately 244 days remaining under the one-year statute of limitations. However, filing of the § 2254 petition did not toll the statute of limitations as to any unexhausted claims therein, and the statute continued to run as to those claims until it expired on or about March 27, 2021. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) (a § 2254 petition is not an "application for state post-conviction or other collateral review" that tolls the statute of limitations). Thus, at this juncture, dismissal of the instant petition, even without prejudice, would render any renewed petition untimely. Therefore, the parties agree that a stay and abeyance is warranted herein, and the undersigned also believes that such a stay is appropriate.

## RECOMMENDATIONS

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Respondent's Motion to Dismiss (ECF No. 10), **GRANT** the parties' joint request for a stay and abeyance (ECF No. 11 at 14; ECF No. 14 at 3-4) , **STAY** this civil action, and **HOLD IN ABEYANCE** Petitioner's § 2254 petition, pending

his attempted exhaustion of available state court remedies concerning his unexhausted claims.

It is further respectfully **RECOMMENDED** that the presiding District Judge **DIRECT** the Clerk to transfer this matter to the inactive docket pending further order of the court. It is further respectfully **RECOMMENDED** that the presiding District Judge **ORDER** Petitioner to notify the court and Respondent within 14 days of the resolution of his current state habeas proceedings concerning the result thereof and his intent to proceed with this matter.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States*

*v. Schronce,* 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Volk.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy to Petitioner, and to transmit a copy to counsel of record.

July 25, 2022

Dwane L. Tinsley
United States Magistrate Judge